UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY M. TASCH,

Plaintiff,

v. Case No. 3:26-cv-1829-JEP-LLL

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

---

# ORDER

Plaintiff Anthony M. Tasch, an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1). Plaintiff sues the FDOC, Florida State Prison ("**FSP**"), Lieutenant Stelley, and Lieutenant Willingham, in their individual and official capacities, based on events that occurred at FSP in 2026. (*Id.* at 1–4).

Plaintiff attempts to raise a medical deliberate indifference claim, alleging he has not received proper medical care for his virus-like symptoms from contaminated food trays since May 5, 2026.[1] (*Id.* at 4–5). Additionally, he

---

[1] Plaintiff describes his symptoms as nausea, "sour stomach," acid reflux, "constant runs," and chest pain. (Doc. 1 at 4–5). Somewhat unrelatedly, he also alleges he has pinched nerve with back pain and cramps. (*Id.* at 5). Plaintiff adds that

alleges that due to neglected shower procedures and Stelley's PREA[2] comment, he has been forced to use the sink for bathing. (*Id.* at 5). Further, Plaintiff claims that on July 2, 2026, Stelley falsified documents to take his mattress and pillow, and keep him on strip status for over ten days without cause. (*Id.* at 4). Then, on July 9, 2026, Willingham also falsified documents "to keep [the] excessive strip going." (*Id.*). Plaintiff seeks compensatory and punitive damages, a transfer, and/or a temporary restraining order against Defendants for "retaliation purposes [and] safety." (*Id.* at 5).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

since May 5, 2026, his grievances and mail have been hindered, causing him emotional and mental breakdown. (*Id.* at 4–5).

[2] Prison Rape Elimination Act, 34 U.S.C. §§ 30301–30309.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Construing Plaintiff's allegations liberally,[3] the Court concludes that the Complaint fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. First, Plaintiff attempts to bring several unrelated claims without showing that the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Because Plaintiff's claims appear to be wholly unrelated, they may not be joined in a single action. *See, e.g.*, *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (unpublished but persuasive) (affirming the district court's dismissal of plaintiff's complaint against ten correctional officers for unrelated

[3] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

incidents for plaintiff's non-compliance with Rule 20); *Skillern v. Ga. Dep't of Corrs. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (unpublished but persuasive) (affirming the district court's dismissal of plaintiff's complaint against multiple defendants for failure to comply with Rule 20 where he alleged that all defendants, at different times and under different circumstances, were deliberately indifferent to his serious medical needs).

Moreover, Plaintiff has not stated a plausible claim for relief as to any of his claims. To the extent he attempts to bring a medical deliberate indifference claim for his virus-like symptoms, he fails to allege facts permitting the reasonable inference that a serious medical need is being ignored and fails to identify the person(s) responsible for ignoring that need. Likewise, Plaintiff fails to identify any person who may be responsible for the lack of treatment for his pinched nerve, assuming this qualifies as a serious medical need.

Similarly, to the extent Plaintiff alleges he has been forced to bathe in the sink due to neglected shower procedures, he fails to identify the person(s) responsible for the alleged violation and to show that the bathing conditions have exposed Plaintiff to "an unreasonable risk of serious damage to his future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Plaintiff's passing reference to Stelley's PREA comment, without more, is insufficient to provide factual support for his claim.

Likewise, to the extent Plaintiff attempts to raise an Eighth Amendment claim against Stelley and Willingham for placing him on strip status, Plaintiff has not shown that the conditions of his confinement were so extreme that they exposed him to "an unreasonable risk of serious damage to his future health or safety." *Id.* Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. *Id.*; *see also O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (unpublished but persuasive) (finding that the prisoner did not allege sufficient facts to suggest that the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks). Also, to the extent Plaintiff alleges that Stelley and Willingham falsified documents to justify the strip, his allegations are too vague to state a plausible claim.

Further, to the extent Plaintiff sues Stelley and Willingham in their official capacities, official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, suing Defendants in their official capacities is equivalent to suing the FDOC itself, but the FDOC is not a "person" within the meaning of 42 U.S.C. § 1983, and is immune from liability for damages. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986); *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (unpublished but persuasive).

Although injunctive relief may be available against the FDOC, *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986), Plaintiff fails to allege that any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. *See Graham*, 473 U.S. at 166 ("[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." (internal quotation marks and citations omitted)); *Monell*, 436 U.S. at 693–94 (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation).

In addition, to the extent Plaintiff alleges that his grievances and mail have been hindered, he fails to identify any person(s) responsible for such hindrance. Regardless, denying or failing to properly process a grievance, without more, does not render a person liable for the underlying constitutional violation. *See Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (unpublished but persuasive) (finding that plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures").

Finally, to the extent Plaintiff asks to be transferred to another institution, courts generally will not interfere with matters of prison administration, including an inmate's custody status or place of incarceration. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."); *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). Thus, the Court will not grant such relief. In sum, Plaintiff's Complaint must be dismissed under the PLRA for failure to state a plausible claim for relief.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c: Anthony M. Tasch, #F32311